## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JUAN MANUEL MENDOZA,** | § | |
| **TDCJ No. 1373067,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| **V.** | § | **CIVIL NO. SA-14-CA-542-XR** |
| | § | |
| **WILLIAM STEPHENS, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| Respondent. | § | |

## ORDER OF DISMISSAL

The matter before this Court is the status of this case. Petitioner Juan Manuel Mendoza has filed this federal habeas corpus action pursuant to Title 28 U.S.C. Section 2254 challenging his loss of 180 days of good conduct time in TDCJ prison disciplinary case no. 20140198081. Petitioner has paid the fling fee in response to this Court's Show Cause Order.

### I. Background

In his federal habeas corpus petition, Petitioner argues (1) he was denied the opportunity during his disciplinary hearing to present videotaped evidence which would have shown his actions on the date in question were provoked by another inmate and Petitioner clearly did not intend to assault an officer by throwing a tray at the officer, and (2) the hearing officer showed favoritism to the charging officer by refusing Petitioner's request to review the chow hall videotape of the incident and, instead, relied upon a report by another officer who allegedly reviewed the videotape.

Petitioner's federal habeas corpus petition identifies Petitioner's current incarceration as the product of conviction for murder. The TDCJ's web site also confirms Petitioner is serving a 25-year sentence for murder. Under Section 508.149(a)(2) of the Texas Government Code, Petitioner is not

eligible for release on mandatory supervision.  The public record shows Petitioner is currently

serving a sentence in the custody of the TDCJ for murder.  Applicable Texas law provides TDCJ

inmates convicted of murder are ineligible for release on mandatory supervised release. *Tex. Govt.*

*Code Ann.* § 508.149(a)(2).

**II. Federal Habeas Corpus Actions Challenging the Loss of Good Conduct Time Credits**

Federal habeas corpus relief under Section 2254 is the appropriate remedy when a prisoner

seeks to challenge the fact or duration of his physical imprisonment.  *See Preiser v. Rodriguez*, 411

U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973) ("when a state prisoner is challenging

the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that

he is entitled to immediate release or a speedier release from that imprisonment, his sole federal

remedy is a writ of habeas corpus."); *Kimbrell v. Cockrell*, 311 F.3d 361, 362 (5th Cir. 2002) ("when

a prisoner is eligible for mandatory supervised release, and when prison disciplinary proceedings

result in a change in good-time earning status that extends the prisoner's release date, the prisoner's

petition challenging such proceedings falls within § 2254."); *Malchi v. Thaler*, 211 F.3d 953, 956

(5th Cir. 2000) (holding Section 2254 was the appropriate vehicle for a Texas prisoner challenging

a loss in good conduct time earning status which extended the date for the petitioner's release to

mandatory supervision).

It is well settled that, when a state creates a right to good conduct time credits which reduce

the duration of a prisoner's imprisonment and recognizes deprivation of such credits as a sanction

for misconduct, the prisoner possesses a real substantial "liberty" interest in the lost credits which

is embraced with the Fourteenth Amendment's Due Process Clause such that minimum procedures

appropriate under the circumstances (including (1) advanced written notice of the claimed violation,

(2) written explanation of the evidence relied upon and the reasons for the disciplinary decision, and (3) within reasonable limits the ability to call witnesses and present documentary evidence in his defense) are required to insure the state-created right is not arbitrarily abrogated. *Wolff v. McDonnell*, 418 U.S. 539, 557, 563-66, 94 S. Ct. 2963, 2975, 2978-80, 41 L. Ed. 2d 935 (1974); *Malchi v. Taylor*, 211 F.3d at 959 ("when a state creates a right to good time credit and recognizes that its revocation is an authorized sanction for misconduct, a prisoner's interest therein is embraced within the Fourteenth Amendment's liberty concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that this state-created right is not arbitrarily abrogated."); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (holding the same).

The Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner. *Sandin v. Connor*, 515 U.S. 472, 478, 115 S. Ct. 2293, 2297, 132 L. Ed. 2d 418 (1995); *Meachum v. Fano*, 427 U.S. 215, 224, 96 S. Ct. 2532, 2538, 49 L. Ed. 2d 451 (1976). The "liberty" interests which are protected by the Due Process Clause are generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause, nonetheless impose atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life. *See Sandin v. Connor*, 515 U.S. at 484-86 (holding prisoner's placement in solitary confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest); *Madison v. Parker*, 104 F.3d at 767 (holding liberty interests protected by the Due Process Clause are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner). Petitioner's

3

complaints about the loss of commissary and recreational privileges and his reduction in line status do not impact the duration of Petitioner's imprisonment and do not implicate any protected constitutional liberty interests. *See Sandin v. Connor*, 515 U.S. at 484-86, 115 S. Ct. at 2300-01 (holding prisoner's placement in solitary confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest); *Madison v. Parker*, 104 F.3d at 767 (holding liberty interests protected by the Due Process Clause are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner).

Loss of good conduct time credits by Texas prisoners eligible for release on mandatory supervised release (both those convicted before and after Texas' September 1, 1996 amendment to its mandatory supervision statutes) sufficiently affects the duration of their imprisonment as to warrant Due Process Clause protection. *Teague v. Quarterman*, 482 F.3d 769, 774-77 (5th Cir. 2007). This is because, "mandatory supervision in Texas is 'the release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division.'" *Teague v. Quarterman*, 482 F.3d at 774; *Malchi v. Thaler*, 211 F.3d at 957; *Madison v. Parker*, 104 F.3d at 768. Any loss of good conduct time credits by a prisoner eligible for mandatory supervised release implicates the "liberty" interests protected by the Due Process Clause. *Teague v. Quarterman*, 482 F.3d at 779-80 ("The TDCJ–CID must afford its inmates procedural due process before depriving them of *any* good-time credit."). If a Texas prisoner is ineligible for mandatory supervised release, however, there is no federal constitutional claim for relief that may be granted. *Arnold v. Cockrell*,

306 F.3d 277, 278 (5th Cir. 2002).  Petitioner is not eligible for mandatory supervised release.

Therefore, he is not entitled to relief under Section 2254.

## III. Conclusion

Federal habeas relief cannot be granted unless the petitioner alleges he has been deprived of some right secured to him by the United States Constitution or the laws of the United States.  *Teague v. Quarterman*, 482 F.3d at 773.  Petitioner's complaints about alleged deficiencies in the TDCJ's administrative proceedings which resulted in Petitioner's loss of good conduct time credits do not implicate any constitutionally protected liberty interest because Petitioner is not eligible for mandatory supervised release.  *Arnold v. Cockrell*, 306 F.3d at 278.  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes this Court to summarily dismiss a federal habeas corpus petition when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (recognizing the propriety of a district court sua sponte raising an affirmative defense such as the statute of limitations and  summarily dismissing a Section 2254 petition as untimely); *Byrne v. Butler*, 847 F.2d 1135, 1137 (5th Cir. 1988) (affirming  summary dismissal of a Section 2254 petition when the district court determined the successive petition to be frivolous). Petitioner's Section 2254 petition must be summarily dismissed as frivolous.

## IV. Certificate of Appealability

The AEDPA converted the "certificate of probable cause" previously required as a prerequisite to an appeal from the denial of a petition for federal habeas corpus relief into a "Certificate of Appealability" ("CoA").  *See Hill v. Johnson*, 114 F.3d 78, 80 (5th Cir. 1997)(recognizing the "substantial showing" requirement for a CoA under the AEDPA is merely

a change in nomenclature from the CPC standard); *Muniz v. Johnson*, 114 F.3d 43, 45 (5th Cir. 1997)(holding the standard for obtaining a CoA is the same as for a CPC).  The CoA requirement supersedes the previous requirement for a certificate of probable cause to appeal for federal habeas corpus petitions filed after the effective date of the AEDPA. *Robison v. Johnson*, 151 F.3d 256, 259 n.2 (5th Cir. 1998); *Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997).  Effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in United States District Courts requires this Court to issue or deny a CoA when it enters an order adverse to a federal habeas corpus petitioner.

Under the AEDPA, before a petitioner may appeal the denial of a habeas corpus petition filed under Section 2254, the petitioner must obtain a CoA. *Miller-El v. Johnson*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); 28 U.S.C. §2253(c)(2).  Likewise, under the AEDPA, appellate review of a habeas petition is limited to the issues on which a CoA is granted. *See Crutcher v. Cockrell*, 301 F.3d 656, 658 n.10 (5th Cir. 2002)(holding a CoA is granted on an issue-by-issue basis, thereby limiting appellate review to those issues); *Jones v. Cain*, 227 F.3d 228, 230 n.2 (5th Cir. 2000)(holding the same); *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997)(holding the scope of appellate review of denial of a habeas petition limited to the issues on which CoA has been granted).  In other words, a CoA is granted or denied on an issue-by-issue basis, thereby limiting appellate review to those issues on which CoA is granted alone. *Crutcher v. Cockrell*, 301 F.3d at 658 n.10; *Lackey v. Johnson*, 116 F.3d at 151; *Hill v. Johnson*, 114 F.3d at 80; *Muniz v. Johnson*, 114 F.3d at 45; *Murphy v. Johnson*, 110 F.3d 10, 11 n.1 (5th Cir. 1997); 28 U.S.C. §2253(c)(3).

A CoA will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right. *Tennard v. Dretke*, 542 U.S. 274, 282, 124 S. Ct. 2562, 2569, 159 L.Ed.2d 384 (2004); *Miller-El v. Johnson*, 537 U.S. at 336, 123 S. Ct. at 1039; *Slack v. McDaniel*, 529 U.S. 473, 483, 120 S. Ct. 1595, 1603, 146 L.Ed.2d 542 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983).

To make such a showing, the petitioner need *not* show he will prevail on the merits but, rather, must demonstrate that reasonable jurists could debate whether (or, for that matter, agree) the petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *Tennard v. Dretke*, 542 U.S. at 282, 124 S. Ct. at 2569; *Miller-El v. Johnson*, 537 U.S. at 336, 123 S. Ct. at 1039; *Slack v. McDaniel*, 529 U.S. at 484, 120 S. Ct. at 1604; *Barefoot v. Estelle*, 463 U.S. at 893 n.4, 103 S. Ct. at 3394 n.4. This Court is required to issue or deny a CoA when it enters a final order such as this one adverse to a federal habeas petitioner. *Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts*.

The showing necessary to obtain a CoA on a particular claim is dependent upon the manner in which the district court has disposed of a claim. If this Court rejects a prisoner's constitutional claim on the merits, the petitioner must demonstrate reasonable jurists could find the court's assessment of the constitutional claim to be debatable or wrong. "[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Johnson*, 537 U.S. at 338, 123 S. Ct. at 1040 (*quoting Slack v. McDaniel*, 529 U.S. at 484, 120 S. Ct. at 1604). *Accord Tennard v. Dretke*, 542 U.S. at 282, 124 S. Ct. at 2569. In a case in which the petitioner wishes to

7

challenge on appeal this Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default, limitations, or lack of exhaustion, the petitioner must show jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* whether this Court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. at 484 (holding when a district court denies a habeas claim on procedural grounds, without reaching the underlying constitutional claim, a CoA may issue only when the petitioner shows that reasonable jurists would find it debatable whether (1) the claim is a valid assertion of the denial of a constitutional right and (2) the district court's procedural ruling was correct). Reasonable minds could not disagree with this Court's conclusion that Petitioner's claims herein do not furnish even an arguable basis for relief under Section 2254. Reasonable minds could not disagree over this Court's conclusions that Petitioner's federal habeas corpus petition is properly subject to summary dismissal based upon the public record which establishes Petitioner is currently serving a sentence for murder - which renders Petitioner ineligible for release on mandatory supervise release. Petitioner is not entitled to a Certificate of Appealability on any of his claims herein.

## V. ORDER

**Accordingly, it is hereby ORDERED that**:

1. The referral of this cause to the Magistrate Judge is **WITHDRAWN.**

2. Petitioner's federal habeas corpus petition, filed June 12, 2014 (docket entry no. 1), as supplemented by Petitioner's memorandum of law in support (docket entry no. 2), is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

3.  Petitioner is **DENIED** a Certificate of Appealability on all his claims herein.

4.   All other pending motions are **DISMISSED** as moot.

It is so ORDERED.

SIGNED this 22nd day of July, 2014.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE